NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INNOVATIVE BIOMETRIC TECHNOLOGY, LLC,**
*Plaintiff-Appellant,*

AND

**JAMES BEAUREGARD PARKER,
SCOTT C. HARRIS, AND NIRO HALLER & NIRO,**
*Movants-Appellants,*

v.

**TOSHIBA AMERICA INFORMATION SYSTEMS,
INC.,**
*Defendant-Appellee.*

---

2013-1288, -1289, -1290, -1291

---

Appeals from the United States District Court for the Southern District of Florida in No. 09-CV-81046, Senior Judge Kenneth L. Ryskamp.

---

Decided: May 15, 2014

---

MEREDITH MARTIN ADDY, Steptoe & Johnson LLP, of Chicago, Illinois, argued for plaintiff-appellant. With her

on the brief were THOMAS J. FILARSKI, HOUDA MORAD, and THOMAS A. RAMMER.

MEGAN S. WOODWORTH, Dickstein Shapiro LLP, of Washington, DC, argued for defendant-appellee. With her on the brief were JEFFREY K. SHERWOOD and JONATHAN L. FALKLER.

————————————

Before WALLACH, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM

As relevant here, the district court awarded attorney's fees under several different sources of legal authorization. We affirm the award, because we find no abuse of discretion to undermine the bottom-line result. In so ruling, however, we think it worthwhile briefly to mention a few of the issues that we do not decide.

Citing Fed. R. Civ. P. 37(c)(1), the district court excluded from consideration on the fees motion evidence the patentee submitted about its pre-suit investigation that it had earlier withheld in response to various discovery requests at the merits stage of the litigation. In declining to disturb that exclusion, we do not consider whether Rule 37(c)(1) should have been held inapplicable to the withholdings of evidence here on the ground that they did not involve the obligations stated in "Rule 26(a) and (e)," to which Rule 37(c)(1) refers. The patentee did not present a challenge on that basis. We also do not decide that an undisputedly legitimate invocation of privilege covering pre-suit investigations made at the merits stage (as Toshiba agrees occurred here) should bar later, full submission of withheld materials on the subject once merits litigation is concluded and fees are being litigated. We need not address that question, because the district court found the materials submitted at the fees stage had been "cherry-picked."

In addition, the district court's opinion might be read as suggesting that the impropriety of a request for further discovery under Rule 56(d) can be shown simply by the fact that the requester later did not use the information received from the request—a proposition that Toshiba defends.  We do not approve any such broad proposition: a discovery request can be legitimate yet uncover no information that turns out actually to be useful.  The district court seems to have awarded the fees at issue as a condition of approving the voluntary dismissal with prejudice under Rule 41(a)(2), whether or not other legal authorizations supported the fee award.  Using Rule 41(a)(2) in that way raises questions we need not answer.  We need not reach either the Rule 56(d) or Rule 41(a)(2) matters because the full fee award independently stands under 35 U.S.C. § 285.

**AFFIRMED**